UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

---

HONORABLE ANDREW J. GUILFORD, JUDGE PRESIDING; COURTROOM 10D

---

**CERTIFIED TRANSCRIPT**

| | |
|---|---|
| Joseph M. Tagliarini, | ) |
| Plaintiff(s), | ) |
| vs. | ) No. SACV 13-0270-AG(JPRx) |
| Wells Fargo Bank, NA, et al., | ) |
| Defendant(s). | ) |

REPORTER'S DAILY TRANSCRIPT OF PRETRIAL PROCEEDINGS
SANTA ANA, CALIFORNIA
MONDAY, JUNE 3, 2013

DENISE PADDOCK
CSR 10199, CMRS, RMR, CRR
transcripts@ocrecord.com
U.S. DISTRICT COURT REPORTER

To Order Official Court Transcript: officialcourttranscripts.com transcripts@ocrecord.com

## A P P E A R A N C E S

060313 DCCD GUILFORD 10D TAGLIARINI
SACV 13-0270-AG(JPRx)


IN BEHALF OF THE PLAINTIFF:

    Joseph M. Tagliarini
    7 Calle Careyes
    San Clemente, CA 92673-6997
    949-836-4477
    PRO SE

IN BEHALF OF THE DEFENDANT:

    Steven M. Dailey
    Kutak Rock, LLP
    5 Park Plaza, Suite 1500
    Irvine, CA 92614
    949-417-0999
    Fax: 949-0417-5394
    Email(s): steven.dailey@kutakrock.com

    Nicole K. Neff
    Wright Finlay & Zak, LLP
    4665 MacArthur Court, Suite 280
    Newport Beach, CA 92660
    949-477-5050
    Fax: 949-477-9200
    Email(s): nneff@wrightlegal.net

```
 1              SANTA ANA, CALIFORNIA; MONDAY, JUNE 3, 2013
 2              THE CLERK:  Item 12, SACV 13-0270:
 3    Joseph M. Tagliarini versus Wells Fargo Bank, NA, et al.
 4              MR. DAILEY:  Good morning, Your Honor.
 5              Steve Dailey of Kutak Rock here on behalf of
 6    Defendant Wells Fargo.
 7              THE COURT:  All right.
 8              Who is with you on the defense side?
 9              MS. NEFF:  Good morning, Your Honor.
10              Nicole Neff for Defendant First American Trustee
11    Servicing Solutions.
12              THE COURT:  For the plaintiff?
13              MR. TAGLIARINI:  Good morning, Your Honor.
14              Joseph Tagliarini.
15              THE COURT:  All right.
16              Let me ask the defendants, did you get my
17    tentative?
18              MS. NEFF:  We did, Your Honor.
19              THE COURT:  When?
20              MS. NEFF:  My secretary got it for me last -- on
21    Friday.
22              I don't know when it was available.
23              THE COURT:  All right.
24              And, Mr. Tagliarini, did you get my tentative?
25              MR. TAGLIARINI:  I did, Your Honor.
```

```
 1              THE COURT:  When?
 2              MR. TAGLIARINI:  Friday afternoon, I believe.
 3              THE COURT:  Okay.
 4              May I ask --
 5              MR. TAGLIARINI:  Yes.
 6              THE COURT:  -- you may all be seated -- it's
 7  perfectly okay to be assisted by a lawyer.
 8              Do you have a lawyer assisting you?
 9              MR. TAGLIARINI:  Not at this time, sir.
10              THE COURT:  Okay.
11              Not behind the scenes or anything?
12              MR. TAGLIARINI:  No.
13              THE COURT:  But you figured out how to get my
14  tentative?
15              MR. TAGLIARINI:  Oh, online, yes.
16              THE COURT:  Good.
17              Most pro ses don't do that.
18              Are you a lawyer?
19              MR. TAGLIARINI:  No, I'm not.
20              THE COURT:  Okay.  Are you aware of our pro se
21  clinic?
22              MR. TAGLIARINI:  I am, sir.
23              THE COURT:  Have you used the pro se clinic?
24              MR. TAGLIARINI:  From time to time, yes.
25              THE COURT:  Good.  Okay, so I won't carry on to
```

Case 8:13-cv-00270-AG-JPR   Document 39   Filed 08/02/13   Page 5 of 17   Page ID #:1083
060313 DCCD GUILFORD 10D TAGLIARINI SACV 13-0270-AG(JPRx)

3

|       |    |                                                                      |
|-------|----|----------------------------------------------------------------------|
|       | 1  | tell you how to use the pro se clinic, but among other things        |
|       | 2  | they'll tell you that you can get tentatives by going on the         |
|       | 3  | Internet.                                                            |
|       | 4  |    MR. TAGLIARINI:  Yes, thank you.                   |
| 11:16 | 5  |    THE COURT:  All right.  Now, so having received the |
|       | 6  | tentative, the ball is in your court to respond to the               |
|       | 7  | tentative; and as I've stated previously, it's best if you           |
|       | 8  | focus on specific parts of the tentative, where you have             |
|       | 9  | concerns.                                                            |
| 11:17 | 10 |    Go ahead.                                          |
|       | 11 |    MR. TAGLIARINI:  Thank you, Your Honor.            |
|       | 12 |    I would like to focus on your granting the motion  |
|       | 13 | to dismiss.                                                          |
|       | 14 |    THE COURT:  Uh-huh; yes.                           |
| 11:17 | 15 |    MR. TAGLIARINI:  And I would like to start by      |
|       | 16 | saying that my case in state court was about the illegal             |
|       | 17 | foreclosure process by the defendants who misrepresented             |
|       | 18 | themselves as creditors.                                             |
|       | 19 |    This case is about the defendants' illegal actions |
| 11:17 | 20 | and violations leading up to the foreclosure.                        |
|       | 21 |    I am not denying that I owe debt on the property.  |
|       | 22 |    THE COURT:  Okay.  You are not denying that you owe |
|       | 23 | debt on the property?                                                |
|       | 24 |    MR. TAGLIARINI:  No, sir.                          |
| 11:17 | 25 |    THE COURT:  When did you last make a payment?      |

Case 8:13-cv-00270-AG-JPR   Document 39   Filed 08/02/13   Page 6 of 17   Page ID #:1084
060313 DCCD GUILFORD 10D TAGLIARINI SACV 13-0270-AG(JPRx)

4

MR. TAGLIARINI:  I believe it was back in 2008.

I was -- I had a hardship, I was on disability, sir, for many years with disc problems in my back and I attempted to contact them on numerous occasions after that to try to help me with a loan modification, to try to help me get current on my loan.

THE COURT:  And what's your understanding of the present state of the property?

MR. TAGLIARINI:  The present state of the property is it's scheduled for foreclosure sale on June 10th, Your Honor.

THE COURT:  Describe the property.

MR. TAGLIARINI:  Physically?

You mean describe the -- it's a five-bedroom property, over 4,000 square feet.

THE COURT:  You're living in it now?

MR. TAGLIARINI:  Correct, sir.

THE COURT:  So you've been living in a five-bedroom property without making any housing payments since 2008?

MR. TAGLIARINI:  Your Honor, I have about a million dollars cash invested in this property of my own money.

I have contacted Wells Fargo on numerous occasions and they have failed to help me.

I have asked, can somebody please meet with me? Can somebody please assist me with a loan modification?

Case 8:13-cv-00270-AG-JPR Document 39 Filed 08/02/13 Page 7 of 17 Page ID #:1085
060313 DCCD GUILFORD 10D TAGLIARINI SACV 13-0270-AG(JPRx)

5

```
 1            THE COURT:  You've lived in a nice house
 2   mortgage-free for five years?
 3            MR. TAGLIARINI:  Your Honor, they will not take --
 4            THE COURT:  I guess the answer's "yes"?
 5            MR. TAGLIARINI:  Yes, sir.
 6            THE COURT:  Okay.  There's always issues, they
 7   wouldn't take payments, et cetera, et cetera.
 8            MR. TAGLIARINI:  Correct, Your Honor.
 9            THE COURT:  Okay.
10            MR. TAGLIARINI:  May I explain, that I have
11   contacted them on numerous occasions and they will not take a
12   payment once you are late unless you can provide the full
13   payment.
14            That's why I had continually asked, can I please
15   meet with you, can we try to work this out, can we please try
16   to keep my home.
17            THE COURT:  Who were your state court judges?
18            Judge Firmat and who else?  Anybody else?
19            MR. TAGLIARINI:  I don't remember at the moment,
20   Your Honor.
21            THE COURT:  Can the defense help me here.
22            MR. DAILEY:  Your Honor, I can look very quickly.
23            We weren't involved in that matter.
24            MR. TAGLIARINI:  I apologize.
25            I don't know.
```

Case 8:13-cv-00270-AG-JPR   Document 39   Filed 08/02/13   Page 8 of 17   Page ID #:1086
060313 DCCD GUILFORD 10D TAGLIARINI SACV 13-0270-AG(JPRx)

6

```
 1           THE COURT:  All right.  What did you think of the
 2   justice meted out by Judge Firmat or others at the state
 3   court level?
 4           MR. TAGLIARINI:  Your Honor, if I may, that case
 5   was regarding improper notice 29.23.
 6           It was regarding securitization.
 7           It was regarding completely different issues, as
 8   this, you know -- as the current case I am discussing with
 9   you, and somehow the defendants are trying to twist that
10   whole case and include securitization and all kinds of other
11   issues that I haven't even brought up in this claim.
12           They're completely different cases if anybody looks
13   carefully at them.
14           THE COURT:  Does the amount of the loan now exceed
15   the value of the property?
16           MR. TAGLIARINI:  Absolutely, Your Honor.
17           THE COURT:  Okay.
18           MR. TAGLIARINI:  Your Honor, may I continue?
19           THE COURT:  Of course.
20           MR. TAGLIARINI:  Thank you.
21           Another very important issue here is that
22   Wells Fargo has continually committed fraud on the court by
23   continually representing themselves as the beneficiary and
24   creditor of my loan, when, in fact, they are strictly and
25   have always been the loan servicers on this property.
```

Case 8:13-cv-00270-AG-JPR   Document 39   Filed 08/02/13   Page 9 of 17   Page ID #:1087
060313 DCCD GUILFORD 10D TAGLIARINI SACV 13-0270-AG(JPRx)

7

```
 1              THE COURT:  Did you tell that to the state court
 2    judge?
 3              MR. TAGLIARINI:  No.
 4              THE COURT:  Why not?
 5              MR. TAGLIARINI:  That -- I'm not sure, Your Honor.
 6              I had an attorney -- I had an attorney representing
 7    me at that time.
 8              THE COURT:  Well, you know, unfortunately, you are
 9    focusing on certain issues; but, largely, the law on
10    res judicata and Rooker-Feldman, at times the law is that
11    it's not only what you brought but what you could have
12    brought.
13              That's so you don't sue on one little thing here,
14    sue on another little thing here, sue on another little thing
15    here and go on forever.
16              So there's kind of a rule that says you've got to
17    take your best shot when you take your shot, so now you're
18    raising issues but you're not able to tell me why you didn't
19    raise those in the previous proceedings.
20              MR. TAGLIARINI:  Your Honor, I had an attorney
21    representing me at that time.
22              THE COURT:  At that point, see, if you have an
23    attorney and he made mistakes, then I'd face the question,
24    who should bear the burden of those mistakes?
25              These folks over here on the defense side or you
```

Case 8:13-cv-00270-AG-JPR Document 39 Filed 08/02/13 Page 10 of 17 Page ID #:1088
060313 DCCD GUILFORD 10D TAGLIARINI SACV 13-0270-AG(JPRx)

8

```
 1    suing your attorney for malpractice?
 2            But go ahead.
 3            MR. TAGLIARINI: Thank you.
 4            I have enclosed an Exhibit A in my reply in support
 5    of the plaintiff's opposition to the defendant's motion to
 6    dismiss.
 7            And I also have a copy of that.
 8            In a recent publicized case, Your Honor, that has
 9    come to the world's attention between the United States
10    Treasury, the federal government and Wells Fargo, Wells Fargo
11    admitted wrongdoing.
12            Okay. And they admitted that they lied and
13    misrepresented themselves regarding deficient mortgage
14    servicing and the foreclosure process.
15            THE COURT: Yeah, but those claims have been out
16    there since at least 2008.
17            MR. TAGLIARINI: Correct; and in particular,
18    Your Honor, my property, my loan was included in that.
19            And I was just served this notice about a --
20    April 29th I received it from the independent foreclosure
21    review, which substantiates -- substantiates my claim here
22    today that they have not done their due diligence in properly
23    evaluating me for a loan modification.
24            That's all I'm asking for.
25            THE COURT: All right. Go ahead.
```

Case 8:13-cv-00270-AG-JPR   Document 39   Filed 08/02/13   Page 11 of 17   Page ID #:1089
060313 DCCD GUILFORD 10D TAGLIARINI SACV 13-0270-AG(JPRx)

9

```
 1            MR. TAGLIARINI:  Okay.
 2            I just wanted to make it clear that they have not
 3  been forthcoming and they've been misrepresenting themselves
 4  as the creditor and beneficiary of this property.
 5            THE COURT:  You already said that.
 6            I got that down.
 7            MR. TAGLIARINI:  Okay.
 8            That's all, Your Honor.
 9            Thank you.
10            THE COURT:  All right.  Now -- all right.
11            Let's hear from the defense.
12            MR. DAILEY:  Well, Your Honor, very briefly, we
13  have it down that Plaintiff is due for his November 1st, 2000
14  payment.
15            The deed of trust was entered into on April 24th --
16            THE COURT:  Hold on, wait a minute, November 1st
17  2000?
18            MR. DAILEY:  2007.
19            THE COURT:  He said 2008, you're quibbling over two
20  months?
21            MR. DAILEY:  No, no, no, I just wanted to mention
22  that the deed of trust was entered into April 24th, 2006,
23  which means he made payments for just a little over a year
24  and a half.
25            Currently there's $500,000 overdue on the property
```

Case 8:13-cv-00270-AG-JPR   Document 39   Filed 08/02/13   Page 12 of 17   Page ID #:1090
060313 DCCD GUILFORD 10D TAGLIARINI SACV 13-0270-AG(JPRx)

10

1  in terms of payments.
2         His own allegations reflect that he was considered
3  but denied for a loan modification.
4         We think the court's tentative is right on point.
5         I think you could argue that all of his claims
6  under the primary right theory of res judicata are barred by
7  res judicata, but the court certainly is well founded rule as
8  it did finding some cause of action barred by *Rooker-Feldman*,
9  others by res judicata.
10        And then to answer the court's question,
11 Judge Chaffee appeared to be the judge making the rulings on
12 the demurrers.
13        MR. TAGLIARINI:  That's correct, Your Honor.
14        Judge Chaffee, yes.
15        THE COURT:  Did Firmat not do anything?
16        I saw him on some of the records submitted to me in
17 this matter.
18        MR. DAILEY:  From a quick review, it looked like
19 Judge Chaffee ruled on the demurrers.
20        I don't know if Judge Firmat was also involved
21 somehow.
22        THE COURT:  Do you know why the proposed
23 modifications were rejected?
24        MR. DAILEY:  I do not, Your Honor.
25        THE COURT:  You do not.

Case 8:13-cv-00270-AG-JPR   Document 39   Filed 08/02/13   Page 13 of 17   Page ID #:1091
060313 DCCD GUILFORD 10D TAGLIARINI SACV 13-0270-AG(JPRx)

11

```
 1              Are you willing to look into any further proposed
 2     modifications?
 3              MR. DAILEY:  Your Honor, I don't have any authority
 4     from my client to do that.
 5              They would have to agree to do that.
 6              They previously reviewed him for a loan
 7     modification.
 8              There was a bankruptcy filed, there was the prior
 9     action.
10              I can't say that they're willing to, again, review
11     for a loan modification.
12              I just don't have that authority.
13              MR. TAGLIARINI:  Your Honor, if I may?
14              THE COURT:  Yes.
15              MR. TAGLIARINI:  Thank you.
16              The loan modification that the defendants are
17     referring to was back in 2008, which is a substantial, you
18     know, a long time ago.
19              My finances have changed.
20              And what they're referring to was a five-minute
21     phone conversation.
22              I can't give -- I have two corporations, I have my
23     personal tax returns, I can't give detailed proper
24     information on a, you know, five-minute phone call on some
25     operator that's typing my information in and God knows
```

Case 8:13-cv-00270-AG-JPR Document 39 Filed 08/02/13 Page 14 of 17 Page ID #:1092
060313 DCCD GUILFORD 10D TAGLIARINI SACV 13-0270-AG(JPRx)

12

```
 1    where they are.
 2              I would like to sit down and have a proper due
 3    diligence done and review my financials.
 4              I think that's very fair.
 5              THE COURT:  All right.  Anything further?
 6              MR. DAILEY:  None for us, Your Honor.
 7              MS. NEFF:  No.
 8              MR. TAGLIARINI:  No.
 9              Thank you.
10              THE COURT:  All right.
11              I believe this court is bound by the principles of
12    collateral estoppel and the Rooker-Feldman doctrine to stick
13    with its tentative.
14              However, I urge the parties to continue to discuss
15    resolution.
16              Wells Fargo Bank -- I'm sure you'd rather have an
17    income stream than SAD property or is it LAD property?
18              SAD, special assets department?
19              MR. DAILEY:  Right; we refer to it as REO,
20    Your Honor.
21              THE COURT:  Okay.  Whatever it is.
22              So, I'm going to stick with my tentative and order
23    the two parties to talk as you walk out and see if a
24    resolution can be reached where the bank would not be taking
25    over the property, so that's the ruling of the court.
```

Case 8:13-cv-00270-AG-JPR   Document 39   Filed 08/02/13   Page 15 of 17   Page ID #:1093
060313 DCCD GUILFORD 10D TAGLIARINI SACV 13-0270-AG(JPRx)

13

```
 1              MR. TAGLIARINI:  Your Honor -- Your Honor, may I --
 2              THE COURT:  Yes.
 3              MR. TAGLIARINI:  -- how about the foreclosure sale
 4     date that's scheduled for June 10th?
 5              Is there any way that the court would allow me, if
 6     a modification is not -- since there's nothing definite,
 7     you're asking the defendants to speak to me in the hallway.
 8              If they don't come through with anything realistic
 9     or anything feasible, is there any way the court would allow
10     me a reasonable amount of time to sell the home on my own,
11     which would maximize the return to all parties, including the
12     US Treasury who is the beneficiary of this note, as a second
13     option?
14              THE COURT:  I don't have authority to do that; no,
15     so --
16              MR. DAILEY:  And, Your Honor, just to be clear,
17     what my intention to do is to contact my client --
18              THE COURT:  Do what you need to do.
19              I've told you what I've instructed.
20              So --
21              MR. DAILEY:  Thank you, Your Honor.
22              THE COURT:  The matter is concluded.
23              MR. DAILEY:  But I do have to be clear that I don't
24     have authority to engage in another review.
25              Your Honor, just very briefly on a
```

```
 1     housekeeping matter --
 2              THE COURT:  You know, I've made my ruling.
 3              I let everyone discuss.
 4              What do you now have on a housekeeping matter?
 5              MR. DAILEY:  Your Honor, we have both defendants
 6     here.
 7              There's also Doe defendants.
 8              Would the court like us to submit a judgment,
 9     together, one final judgment?  And, if so, how would the
10     court resolve the issues regarding -- or the remaining Doe
11     defendants?
12              THE COURT:  Read my tentative.
13              It's in there.
14              MR. DAILEY:  Okay.
15              Thank you, Your Honor.
16              THE COURT:  Thank you, Your Honor.
17              MR. TAGLIARINI:  Thank you.
18              MS. NEFF:  Thank you, Your Honor.
19              (End of proceedings.)
20     //                                                      //
21     //                                                      //
22     //                                                      //
23     //                                                      //
24     //                                                      //
25     //                                                      //
```

Case 8:13-cv-00270-AG-JPR Document 39 Filed 08/02/13 Page 17 of 17 Page ID #:1095
060313 DCCD GUILFORD 10D TAGLIARINI SACV 13-0270-AG(JPRx)

15

***

## Certificate

I hereby certify that the foregoing is a true and correct transcript of the stenographically recorded proceedings in the above matter.

Fees charged for this transcript, less any circuit fee reduction and/or deposit, are in conformance with the regulations of the judicial conference of the United States.

U.S. DISTRICT COURT

Date: August 2, 2013

/s/        DENISE PADDOCK
CMRS, RMR, CRR, CSR 10199